**JENNER & BLOCK LLP**
Andrew J. Thomas (SBN 159533)
AJThomas@jenner.com
Todd C. Toral (SBN 197706)
TToral@jenner.com
Lauren M. Greene (SBN 271397)
LGreene@jenner.com
Rachael A. Goldman (SBN 335138)
RGoldman@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone:  +1 213 239 5100
Facsimile:   +1 213 239 5199

Attorneys for Defendant
NBCUNIVERSAL MEDIA, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELOREAN MOTOR COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 8:22-cv-02189-DOC-DFM<br><br>Honorable David O. Carter<br><br>**DEFENDANT NBCUNIVERSAL MEDIA, LLC'S APPLICATION FOR LEAVE TO FILE EXHIBITS TO THE COMPENDIUM OF EXHIBITS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT UNDER SEAL**<br><br>[Filed concurrently with Declaration of Andrew J. Thomas; [Proposed] Order Granting Application to Seal; and Exhibits] |

Case No.: 8:22-cv-02189-DOC-DFM
**NBCU'S APPLICATION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Local Rule 79-5.2.2, Defendant NBCUniversal Media, LLC ("NBCU") hereby applies for leave of Court to file under seal Exhibits 8, 9, 10, 11, 12, 13, 14, 47 and 49 to NBCU's Compendium of Exhibits in Support of its Motion For Summary Judgment or, in The Alternative, Partial Summary Judgment:

### I. Exhibits 8-14 – NBCU's Confidential Documents

While there is a strong presumption of public access to judicial records, documents filed in support of a dispositive motion nevertheless may be sealed if there are "compelling reasons" to protect the information contained therein. *See* L.R. 79-5.2.2; *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). A "compelling reason" to seal exists when not sealing the material would result in the release of trade secrets, *Kamakana*, 447 F.3d at 1179, or of "business information that might harm a litigant's competitive standing." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)). Courts in this District routinely determine that under-seal filing is appropriate to limit the disclosure of confidential or sensitive business information that could be used by a competitor "license agreements, financial terms, details of confidential licensing negotiations, and business strategies." *Guzman v. Chipotle Mexican Grill, Inc.*, 2020 WL 1171112, *1 (N.D. Cal. Mar. 11, 2020); *see, e.g.*, *Miotox LLC v. Allergan, Inc.*, 2016 WL 3176557, at *2 (C.D. Cal. June 2, 2016); *see also Center for Auto Safety*, 809 F.3d at 1097 (noting factors for granting a motion to seal include when documents act "as sources of business information that might harm a litigant's competitive standing").

Additionally, detailed financial information is "confidential or sensitive business information", that warrants protection by the courts. *See In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019); *see also ViaSat, Inc. v. Acacia Communications, Inc.*, 2018 WL 9538669, at *6 (S.D. Cal. June 14, 2018) (sealing documents containing financial information); *Exxon*

1  *Mobil Corp. v. Freeman Holdings of Washington, LLC*, 2011 WL 13228446, at *1
2  (E.D. Wash. Feb. 28, 2011) (sealing documents that contain "sensitive financial
3  information").
4        Here, Exhibits 8-14 contain detailed, confidential information regarding
5  NBCU's finances, licensing practices, revenue, and business strategies.  *See* Thomas
6  Decl. ¶ 4.  Furthermore, Exhibit 14 contains a detailed report of revenue related to
7  merchandising and commercial tie ups *Back to the Future* series for licensees not
8  party to the instant litigation.  *See* Thomas Decl. ¶ 4.  Disclosure of any of this
9  information could lead to an improper use by competitors and cause competitive
10 harm to both NBCU and its licensees.  *See Icon-IP Pty Ltd. v. Specialized Bicycle*
11 *Components, Inc.*, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015).  Moreover,
12 disclosure could also "undermine [Defendant's] market position if made public."
13 *See* Thomas Decl. ¶ 4; *Lucas v. Breg, Inc.*, 2016 WL 5464549, at *2 (S.D. Cal. Sept.
14 28, 2016).  Accordingly, Exhibits 8-14 should be filed under seal.

15       **II.**    **Exhibits 47 and 49 – Documents Marked Confidential by DMCT**
16       NBCU also seeks to file under seal documents that were marked as
17 "Confidential" during discovery by Plaintiff DeLorean Motor Company ("DMCT"),
18 pursuant to the parties' Stipulated Protective Order (ECF 27).  *See* Thomas Decl.
19 ¶ 5.  As required by Local Rule 79-5.2.2(b), counsel for NBCU and counsel for
20 DMCT met and conferred to determine whether NBCU could eliminate or reduce
21 the need to file these documents under seal through redaction.  *Id.* ¶ 8.  Counsel for
22 DMCT requested that NBCU file the entirety of Exhibits 47 and 49 under seal.  *Id.*
23 The Thomas declaration sets forth the information NBCU seeks to file under seal
24 based on DMCT's request.

### III. Conclusion

For the foregoing reasons, NBCU respectfully requests that the Court grant its application to file under seal Exhibits 8, 9, 10, 11, 12, 13, 14, 47, and 49 to NBCU's Compendium of Exhibits in Support of its Motion For Summary Judgment or, in The Alternative, Partial Summary Judgment.

Dated: January 12, 2024              JENNER & BLOCK LLP

By: /s/ Andrew J. Thomas
Andrew J. Thomas
Lauren M. Greene
Rachael A. Goldman

Attorneys for Defendant
NBCUniversal Media, LLC