**JENNER & BLOCK LLP**
Andrew J. Thomas (SBN 159533)
AJThomas@jenner.com
Todd C. Toral (SBN 197706)
TToral@jenner.com
Lauren M. Greene (SBN 271397)
LGreene@jenner.com
Rachael A. Goldman (SBN 335138)
RGoldman@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone:  +1 213 239 5100
Facsimile:   +1 213 239 5199

Attorneys for Defendant
NBCUNIVERSAL MEDIA, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELOREAN MOTOR COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 8:22-cv-02189-DOC-DFM<br><br>Honorable David O. Carter<br>Magistrate Judge Douglas F. McCormick<br><br>**DEFENDANT NBCUNIVERSAL MEDIA, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:         February 12, 2024<br>Time:        10:00 am<br>Courtroom: 6B |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 12, 2024 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable David O. Carter, in Courtroom 10A in the Ronald Reagan Federal Building and United States Courthouse located at 411 West Fourth Street, Santa Ana, California 92701-4516, Defendant NBCUniversal Media, LLC ("NBCU") will and hereby does seek an order from this Court granting its Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("Motion"), pursuant to Rule 56(a) of the Federal Rules of Civil Procedure.

NBCU seeks summary judgment, or alternatively, partial summary judgment, on Plaintiff DeLorean Motor Company's ("Plaintiff" or "DMCT") claims on the following grounds:

1. DMCT's first claim for breach of contract fails as a matter of law because the undisputed facts establish that DMCT is not a party, or a successor-in-interest, to the 1989 Agreement, there is no evidence that NBCU breached the 1989 Agreement, and there is no evidence that DMCT suffered damages as the result of any breach of the 1989 Agreement.

2. DMCT's second claim for an accounting fails as a matter of law because an accounting is not a cause of action and DMCT's underlying claim for breach of contract fails as a matter of law.

3. DMCT's third claim for trademark and trade dress infringement fails as a matter of law because the undisputed facts establish that DMCT's claim is based solely on an alleged failure to pay royalties under a license, NBCU is a senior user of its Time Machine Car mark, and there is no evidence that supports a finding of likelihood of confusion or that supports a finding that NBCU exceeded the scope of any license agreement.

There is no triable issue as to any material fact relevant to the above and NBCU is entitled to summary judgment on these issues as a matter of law.

This Motion is based upon this Notice of Motion and Motion as well as the Memorandum of Points and Authorities, the Statement of Uncontroverted Facts and Conclusions of Law, the Request for Judicial Notice, the Compendium of Exhibits, and the Declarations of Scott McQuown, Anika Longworth, Don Sohn, Christina Monteiro, and Andrew J. Thomas served and filed concurrently herewith; all of the records in this case; and any such oral argument or evidence that may be allowed by the Court at the time of the hearing of this Motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 that took place on January 5, 2024.

Dated:  January 12, 2024

Jenner & Block LLP

By: /s/ Andrew J. Thomas
Andrew J. Thomas
Lauren M. Greene
Rachael A. Goldman

Attorneys for Defendant
NBCU Universal Media, LLC