**JENNER & BLOCK LLP**
Andrew J. Thomas (SBN 159533)
AJThomas@jenner.com
Todd C. Toral (SBN 197706)
TToral@jenner.com
Lauren M. Greene (SBN 271397)
LGreene@jenner.com
Rachael A. Goldman (SBN 335138)
RGoldman@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone:  +1 213 239 5100
Facsimile:   +1 213 239 5199

Attorneys for Defendant
NBCUNIVERSAL MEDIA, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELOREAN MOTOR COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 8:22-cv-02189-DOC-DFM<br><br>Honorable David O. Carter<br><br>**[PROPOSED] ORDER GRANTING NBCUNIVERSAL MEDIA, LLC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |

Case No.: 8:22-cv-02189-DOC-DFM

**[PROPOSED] ORDER**

The Motion of Defendant NBCUniversal Media LLC ("NBCU") for Summary Judgment, or in the Alternative, Partial Summary Judgment, came before this Court on February 12, 2024. After considering the moving and opposition papers, arguments of counsel and all other matters presented to the Court, IT IS HEREBY ORDERED THAT the motion is GRANTED, as follows:

1. The Courts finds that Plaintiff DeLorean Motor Company's ("DMCT") first claim for breach of contract fails as a matter of law because the undisputed facts establish that DMCT is not a party, or a successor-in-interest, to the 1989 Agreement, there is no evidence that NBCU breached the 1989 Agreement, and there is no evidence that DMCT suffered damages as the result of any breach of the 1989 Agreement.

2. The Court finds that DMCT's second claim for an accounting fails as a matter of law because an accounting is not a cause of action and DMCT's underlying claim for breach of contract fails as a matter of law.

3. The Court finds that DMCT's third claim for trademark and trade dress under the Lanham Act fails as a matter of law because the undisputed facts establish that DMCT's claim is based solely on an alleged failure to pay royalties under a license, NBCU is a senior user of its Time Machine Car mark, and there is no evidence that supports a finding of likelihood of confusion or a finding that NBCU exceeded the scope of any license agreement.

4. Accordingly, DMCT's claims for breach of contract, accounting, and trademark and trade dress infringement are summarily adjudicated in favor of NBCU.

IT IS SO ORDERED.

DATED: _____                    _____
                                          Honorable David O. Carter
                                          United States District Judge

**[PROPOSED] ORDER**