# Exhibit 51

R. Scott Thompson
**LOWENSTEIN SANDLER LLP**
1 Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALLY DELOREAN as administratrix for THE ESTATE OF JOHN Z. DELOREAN, <br><br> Plaintiff, <br><br> v. <br><br> DELOREAN MOTOR COMPANY (TEXAS), <br><br> Defendant. | Civil Action No. _____ <br><br> **COMPLAINT** |

Plaintiff Sally DeLorean, as administratrix for the Estate of John Z. DeLorean (together, the "Estate") by and through its counsel, Lowenstein Sandler LLP, by way of Complaint against Defendant DeLorean Motor Company (Texas) ("DMC-TX"), alleges and avers as follows:

### NATURE OF THE ACTION

1.  Through this action, the Estate seeks a declaratory judgment concerning the terms of a settlement agreement between the Estate and DMC Texas. In that settlement agreement, the Estate agreed not to contest the right of DMC Texas to use a

limited set of intellectual property that had been in dispute between the parties. The Estate did not transfer to DMC Texas any contractual rights held by the Estate.

2. Nevertheless, DMC Texas now claims that it has the right to receive the proceeds owed to the Estate of an agreement between John DeLorean and Universal Pictures ("Universal") made in 1989 by which Mr. DeLorean agreed to allow Universal to use the image of his eponymous car in the "Back to the Future" movies. In fact, DMC Texas falsely informed Universal that it was the rightful owner of the contract rights and, in reliance on that misrepresentation, Universal made a substantial payment to DMC Texas of money that properly belongs to the Estate. In this action, the Estate seeks (1) a declaration that it did not transfer its contract rights under the Universal contract when it entered into the settlement agreement with DMC Texas in 2015, and (2) an order directing DMC Texas to account for and pay over to the Estate all sums it received from Universal.

## THE PARTIES

3. Mr. DeLorean died on March 19, 2005. His Estate is subject to administration in the courts of Morris County, New Jersey. Sally DeLorean is the administratrix of the Estate, with an address of Post Office Box 3, Far Hills, New Jersey.

4. Upon information and belief, defendant DMC-TX is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 15023 Eddie Drive, Humble, Texas. DMC-TX is transacting and doing business within this judicial district, is committing the acts complained of herein within this judicial district, and is subject to the jurisdiction of this Court pursuant to the laws of the State of New Jersey and Rule 4 of the Federal Rules of Civil Procedure. Moreover, the settlement agreement between the parties filed on September 18, 2015 in connection

with the dismissal of all claims in Case No. 2:14-cv-01146-JLL/JAD (the "Settlement Agreement") contains a provision by which the parties agreed that exclusive jurisdiction over disputes relating to the Settlement Agreement lies with the federal and state courts located in New Jersey. A copy of the Settlement Agreement is attached as Exhibit A.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because this is an action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, and by virtue of Paragraph 6(e) of the Settlement Agreement.

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b), because the Defendant resides in this District, is subject to personal jurisdiction within this District, and because a substantial part of the events giving rise to the Plaintiff's claims occurred in this District, and by virtue of Paragraph 6(e) of the Settlement Agreement.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Mr. DeLorean was a well-known auto industry executive who started his own automobile company, the DeLorean Motor Company, in 1973. The design of the automobile manufactured by the DeLorean Motor Company was unique. Only approximately 9,000 were manufactured before the company went out of business in 1982.

8. In 1989, Mr. DeLorean entered into an agreement with Universal by which Universal agreed to pay Mr. DeLorean a royalty in return for Mr. DeLorean's

agreement that Universal could use the image of the DeLorean automobile in connection with its Back to the Future series of movies. A copy of that agreement is attached as Exhibit B.

9. Universal made some payments under the agreement, but stopped making the payments at a point in time that is unknown to the Estate. Mr. DeLorean dies in 2005, and the Estate succeeded to his rights under the Universal agreement. However, the Estate did not have a copy of the agreement at the time of Mr. DeLorean's death, and therefore could not enforce his rights.

10. In 2014, the Estate brought suit in this Court against DMC Texas, seeking to enjoin that company from continuing to use certain intellectual property that the Estate believed it owned. In 2015, the parties settled that lawsuit, executing the Settlement Agreement to memorialize their agreements.

11. In the Settlement Agreement, the Estate agreed that it would not challenge the right of DMC Texas to use, on a non-exclusive basis, a limited universe of intellectual property, specifically (i) the name "DeLorean Motor Company, (ii) the "DMC" logo, and (iii) a trademark of a stylized logo of the word "delorean". The Estate did not convey in any way, shape or form, its rights under the Universal agreement. In fact, the Universal agreement was not mentioned in the Settlement Agreement.

12. On or about February 13, 2018, an attorney for the Estate wrote to Universal seeking to enforce Mr. DeLorean's rights under the Universal agreement. Universal responded by informing the Estate that a representative of DMC Texas had informed Universal that it owned Mr. DeLorean's rights under the Universal agreement by virtue of the Settlement Agreement, and had demanded payment. In reliance upon

these false statements, Universal made a substantial payment to DMC Texas of amounts owed to Mr. DeLorean for many years of unpaid royalties.

13. On April 20, 2018, an attorney representing DMC Texas wrote to the Estate and its representatives, and threatened to bring an action against them for tortious interference unless the Estate immediately retracted its request to Universal for payment under the Universal agreement.

## COUNT 1
## DECLARATORY JUDGMENT
## 28 U.S.C. § 2201

14. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as is fully set forth herein.

15. The Settlement Agreement is a valid and enforceable contract between the Estate and DMC Texas, which is enforceable in accordance with its terms.

16. There is an actual controversy between the Estate and DMC Texas with respect to the terms of the Settlement Agreement, as illustrated by the positions DMC Texas has taken in communications with Universal and the Estate.

17. The Estate is entitled to a declaration that the Settlement Agreement is valid, binding and enforceable, that it does not give DMC Texas any rights under the Universal agreement; absent such a declaration, the Estate will lose its rights under the Universal agreement.

## COUNT 2
## UNJUST ENRICHMENT

18. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as is fully set forth herein.

DMC_003312

Case 2:18-cv-08212   Document 1   Filed 04/23/18   Page 6 of 6 PageID: 6

19. As a result of falsely representing to Universal that it was the owner of Mr. DeLorean's rights under the Universal agreement, DMC Texas obtained a payment or payments that properly belong to the Estate.

20. DMC Texas has been unjustly enriched by its own improper conduct.

**WHEREFORE**, Plaintiff seeks the entry of Judgment against the Defendant as follows:

Declaring that, by executing the Settlement Agreement, the Estate did not transfer to DMC Texas any of its contract rights under the Universal Agreement, and that the Estate is the rightful owner of all rights formerly belonging to Mr. DeLorean under the Universal Agreement; and directing DMC Texas to account for, and pay over to the Estate, all sums it has received from Universal under the Universal agreement.

Respectfully submitted,

LOWENSTEIN SANDLER LLP
*Attorneys for Plaintiff*
*Estate of John Z. DeLorean*

Dated: April 23, 2018

By: __R. Scott Thompson__
R. Scott Thompson
1 Lowenstein Drive
Roseland, New Jersey 07068
Tel.: (973) 597-2500
Fax: (973) 597-2300
sthompson@lowenstein.com

DMC_003313