**JENNER & BLOCK LLP**
Andrew J. Thomas (SBN 159533)
AJThomas@jenner.com
Todd C. Toral (SBN 197706)
TToral@jenner.com
Lauren M. Greene (SBN 271397)
LGreene@jenner.com
Rachael A. Goldman (SBN 335138)
RGoldman@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199

Attorneys for Defendant
NBCUNIVERSAL MEDIA, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELOREAN MOTOR COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 8:22-cv-02189-DOC-DFM<br><br>Hon. David O. Carter<br><br>**DEFENDANT NBCUNIVERSAL MEDIA, LLC'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT NBCUNIVERSAL MEDIA, LLC'S MOTION FOR SUMMARY JUDGMENT** |

CASE NO.: 8:22-cv-02189-DOC-DFM

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant NBCUniversal Media, LLC ("NBCU") hereby responds to Plaintiff DeLorean Motor Company's ("DMCT") objections to the following portions of the Declarations of Don Sohn, Anika Longworth, and Scott McQuown, submitted on January 12, 2024, in support of NBCU's Motion for Summary Judgment.

| No. | Material Objected To | Grounds for Objection | NBCU's Response |
|---|---|---|---|
| **OBJECTIONS TO DECLARATION OF DON SOHN** ||||
| 1. | Paragraph 5 at page 1, lines 19–23.<br><br>In January 2017, DMCT first contacted NBCU claiming that it was entitled to be paid royalties under the 1989 Agreement as the successor of John Z. DeLorean. Relying on DMCT's representations that DMCT, not the DeLorean Estate, was the successor-in-interest under the 1989 Agreement and entitled to royalties, NBCU began to account to DMCT. | Hearsay (Fed. R. Evid. 801). Mr. Sohn relies on an out of court statement for the truth of the matter asserted (namely, that DMC stated entitlement to certain royalties). No applicable hearsay exception is proffered.<br><br>Lack of foundation (Fed. R. Evid. 602). Mr. Sohn lays no foundation for his contention that NBC relied on DMC's representations in accounting to DMC. | Statement of a Party Opponent (Fed. R. Evid. 801(2))<br>Mr. Sohn's statements are not hearsay. Mr. Sohn has personal knowledge of communications that DMCT sent to NBCU at this time, and DMCT's statements are non-hearsay statements by a party opponent.<br><br>There is no dispute that NBCU relied on DMCT's representations and began accounting to DMCT. *See* Ex. 2, ECF 40-2 at 2; Ex. 16, ECF 47-7; Behle Decl., ECF 46-1, Ex. 5 at 30:11-33:14. |

1   CASE NO.: 8:22-cv-02189-DOC-DFM

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| No. | Material Objected To | Grounds for Objection | NBCU's Response |
|---|---|---|---|
| 2. | Paragraph 6 at page 1, lines 24–27.<br><br>In June 2017, based on the language of the 1989 Agreement, NBCU prepared and sent DMCT an accounting statement that covered the period from April 1, 1994 through December 31, 2016, in the amount of $144,249. NBCU issued a check to DMCT for $144,249, and DMCT deposited the check. A true and correct copy of this accounting statement, payment and supporting documentation is attached to NBCU's Compendium of Exhibits as **Exhibit 8.** | Hearsay (Fed. R. Evid. 801). Mr. Sohn relies on Exhibit 8, an out of court statement, for the truth of the matter asserted (namely, that NBCU paid out certain amounts to DMC and that these amounts constituted all that NBC owed to DMC for the period of April 1, 1994 to December 31, 2016). No applicable hearsay exception is proffered.<br><br>Lack of foundation (Fed. R. Evid. 602). Mr. Sohn lays no foundation for his conclusion that based on the language of the 1989 Agreement, NBC prepared and sent DMC an accounting covering this period. | Not Hearsay<br>Mr. Sohn does not rely upon Exhibit 8 for the truth of the matter asserted, but rather to show that NBCU issued the accounting statement to DMCT.<br><br>Mr. Sohn testified that he was provided with a copy of the 1989 Agreement and personally prepared the accounting statement based on the terms in that agreement. Thus, Mr. Sohn properly laid the foundation for his testimony that NBCU prepared and sent DMCT an accounting statement based on the language in the 1989 Agreement. *See* Behle Decl., ECF 46-1, Ex. 5 at 30:11-33:14; 46:18-22. |
| 3. | Paragraph 7 at page 2 line 3–5.<br><br>On June 16, 2017, DMCT sent NBCU a list of approximately 20 entities, asserting that NBCU had licensed | Hearsay (Fed. R. Evid. 801). Mr. Sohn relies on an out of court statement for the truth of the matter asserted (namely, that DMC asserted certain things). No applicable hearsay exception is | Statement of a Party Opponent (Fed. R. Evid. 801(2))<br>Mr. Sohn's statements are not hearsay. Mr. Sohn has personal knowledge of communications DMCT |

| No. | Material Objected To | Grounds for Objection | NBCU's Response |
|---|---|---|---|
| | rights under the 1989 Agreement to these entities but had failed to report royalties to DMCT on its accounting statement. *See* Exhibit 2. | proffered. | sent to NBCU at this time, as Mr. Sohn has testified that he received the June 16, 2017 email in connection with this assignment. Behle Decl., ECF 46-1, Ex. 5 at 68:1-25. Therefore, DMCT's statements are non-hearsay statements by a party opponent. |
| 4. | Paragraph 8 at page 2 at lines 7–13.<br><br>NBCU subsequently reviewed the list of entities, corrected for 10 additional licensees and issued a supplemental accounting statement in August 2017 that included these corrections and covered the period from April 1, 1994 through December 31, 2016, in the amount of $27,363. NBCU issued a check to DMCT for $27,364, and DMCT deposited the check. A true and correct copy of this supplemental accounting statement, payment and supporting documentation is attached to NBCU's | <u>Hearsay (Fed. R. Evid. 801).</u> Mr. Sohn relies on Exhibit 9, an out of court statement, for the truth of the matter asserted (namely, that NBCU paid out certain amounts to DMC and that these amounts constituted all that NBC owed to DMC for the period of April 1, 1994 to December 31, 2016). No applicable hearsay exception is proffered. | <u>Not Hearsay</u><br>Mr. Sohn does not rely upon Exhibit 9 for the truth of the matter asserted, but rather to show that NBCU issued the accounting statement to DMCT.<br><br>Mr. Sohn's statements are not hearsay. Mr. Sohn has personal knowledge because he personally reviewed the list of entities and prepared and issued the August 2017 supplemental accounting statement which included the corrections. Behle Decl., ECF 46-1, Ex. 5 at 67:20-71:3. |

3   CASE NO.: 8:22-cv-02189-DOC-DFM

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| No. | Material Objected To | Grounds for Objection | NBCU's Response |
|---|---|---|---|
|  | Compendium of Exhibits as **Exhibit 9.** |  |  |
| 5. | Paragraph 9 at page 2 lines 14–17.<br><br>On September 25, 2017, DMCT sent NBCU a second list of about 35 entities, again asserting that NBCU had licensed rights under the 1989 Agreement to these entities but failed to report royalties to DMCT on its June or August 2017 statements. *See* Exhibit 3. | Hearsay (Fed. R. Evid. 801). Mr. Sohn relies on an out of court statement for the truth of the matter asserted (namely, that DMC asserted certain things). No applicable hearsay exception is proffered. | Statement of a Party Opponent (Fed. R. Evid. 801(2)).<br><br>Mr. Sohn's statements are not hearsay. Mr. Sohn has personal knowledge of communications DMCT sent to NBCU at this time. Behle Decl., ECF 46-1, Ex. 5 at 78:2–10. DMCT's statements are non-hearsay statements by a party opponent. |
| **OBJECTIONS TO DECLARATION OF ANIKA LONGWORTH** ||||
| No. | Material Objected To | Grounds for Objection | NBCU's Response |
| 1. | Paragraph 5 at page 1, lines 18–25.<br><br>In or around August 2023, pursuant to the request of in-house counsel, I created a chart to show quarterly revenue generated by NBCU from January 1, 2017 through September 30, 2022 in connection with sales by NBCU's licensees of Back to the Future merchandise featuring the Time Machine Car. A true and correct copy of the chart | Hearsay (Fed. R. Evid. 801). Ms. Longworth relies on Exhibit 14, an out of court statement, for the truth of the matter asserted (namely, that NBC generated certain amounts). No applicable hearsay exception is proffered. | Not Hearsay<br><br>Business Records Exemption (Fed. R. Evid 803(6)).<br><br>Ms. Longworth relies on her personal experience to describe her creation of this chart, which was based on NBCU accounting and licensing records that are created and maintained in the ordinary course of NBCU's business. *See* Longworth Decl. ¶ 4, ECF 38-4. |

| No. | Material Objected To | Grounds for Objection | NBCU's Response |
|---|---|---|---|
|  | entitled "List of Revenues from NBCUniversal Licensees" is attached to NBCU's Compendium of Exhibits as Exhibit 14. As shown in Exhibit 14, NBCU generated $12,256,774.74 in total revenue from such sales during this period. |  | <u>Voluminous Business Records (Fed. R. Evid. 1006).</u><br><br>NBCU may rely on the summaries of voluminous business records to prove their content. |
| 2. | Paragraph 7 at page 2, lines 7–11.<br><br>Pursuant to the request of in-house counsel, I reviewed the RFAs and NBCU's licensing records relating to the Back to the Future franchise. Based on my review, I concluded that NBCU did not license any Back to the Future merchandise or commercial tie-ups which included the Time Machine Car to any Purported Licensee from January 1, 2017 through October 2023. | <u>Lack of foundation (Fed. R. Evid. 602).</u> Ms. Longworth lays no foundation for her opinion about what NBC licensed. Ms. Longworth simply states she reviewed certain documents to make her conclusion, but fails to provide the actual documents and admit them into evidence. | Not Opinion.<br><br><u>Business Records Exemption (Fed. R. Evid 803(6)).</u><br><br>Ms. Longworth does not offer any opinion here, but instead recounts her personal experience. Further, Ms. Longworth established that her conclusion was based on her review of the NBCU accounting records that are created and maintained in the ordinary course of NBCU's business to determine whether any entity listed in the RFAs was a licensee. *See* Longworth Decl. ¶ 4, ECF 38-4. Thus, Ms. Longworth has laid a proper foundation for her testimony. |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| No. | Material Objected To | Grounds for Objection | NBCU's Response |
|---|---|---|---|
|  |  |  | <u>Voluminous Business Records (Fed. R. Evid. 1006)</u>.<br><br>NBCU may rely on the summaries of voluminous business records to prove their content. |
| **OBJECTIONS TO DECLARATION OF SCOTT MCQUOWN** ||||
| No. | Material Objected To | Grounds for Objection | NBCU's Response |
| 1. | Paragraph 7 at page 2, lines 6–10.<br><br>On December 1, 2017, DMCT wrote to NBCU stating that the parties were at an "impasse" and demanding that NBCU "provide a full and accurate" accounting by the end of the month or else DMCT would have to "escalate the matter." A true and correct copy of this email correspondence is attached to NBCU's Compendium of Exhibits as Exhibit 4. | <u>Hearsay (Fed. R. Evid. 801)</u>. Mr. McQuown relies on Exhibit 4, an out of court statement, for the truth of the matter asserted (namely, that DMC asserted certain things). No applicable hearsay exception is proffered. | <u>Not Hearsay.</u><br><br><u>Statement of a Party Opponent (Fed. R. Evid. 801(2))</u>.<br><br>Mr. McQuown does not offer this email for the truth of the matter asserted—that is, the truth of the statements contained in the email sent by DMCT. Rather, the email is being offered to show that NBCU received the email, and also to show NBCU's knowledge and state of mind.<br><br>In any event, the email sent by DMCT's counsel is not hearsay because it is the statement of the agent of a party opponent. |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| No. | Material Objected To | Grounds for Objection | NBCU's Response |
|---|---|---|---|
| 2. | Paragraph 9 at page 2, lines 14–18.<br><br>In February 2018, R. Scott Thompson, who represented the Estate of John Z. DeLorean (the "DeLorean Estate"), contacted NBCU and claimed that the Estate, not DMCT, was entitled to receive royalties under the 1989 Agreement. A true and correct copy of this letter is attached to NBCU's Compendium of Exhibits as Exhibit 6. | Hearsay (Fed. R. Evid. 801). Mr. McQuown relies on Exhibit 6, an out of court statement, for the truth of the matter asserted (namely, that the DeLorean Estate asserted certain things). No applicable hearsay exception is proffered. | Not Hearsay.<br><br>Mr. McQuown does not offer this letter for the truth of the matter asserted—that is, the truth of R. Scott Thompson's statements contained in the letter—but to show that NBCU was contacted by R. Scott Thompson, and to show NBCU's knowledge and state of mind. |
| 3. | Paragraph 10 at page 2 lines 19–27.<br><br>In March 2020, NBCU prepared and sent DMCT an accounting statement that covered the period from January 1, 2017 through September 30, 2018, in the amount of $29,482. In preparing the statement, NBCU reviewed the list of entities referenced in DMCT's September 25, 2017 correspondence. To the extent NBCU licensed any rights under the 1989 Agreement to these entities, NBCU included royalties in its | Hearsay (Fed. R. Evid. 801). Mr. McQuown relies on Exhibit 10, an out of court statement, for the truth of the matter asserted (namely, that NBC paid out certain amounts to DMC and that these amounts constituted all that NBCU owed to DMC under the 1989 Agreement for any rights licensed by NBC). No applicable hearsay exception is proffered. | Not Hearsay.<br><br>Mr. McQuown does not offer the accounting statement for truth of the matter asserted, but rather to demonstrate that NBCU prepared and issued the accounting statement to DMCT. |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| No. | Material Objected To | Grounds for Objection | NBCU's Response |
|---|---|---|---|
|  | reporting to DMCT. NBCU issued a check to DMCT for $29,482, and DMCT deposited the check. A true and correct copy of this accounting statement and supporting documentation is attached to NBCU's Compendium of Exhibits as Exhibit 10. |  |  |
| 4. | Paragraph 11 at page 3 lines 1–6.<br><br>In April 2020, NBCU prepared and sent DMCT an accounting statement that covered the period from October 1, 2018 through December 31, 2019, in the amount of $49,264. NBCU issued a check to DMCT for $49,264, and DMCT deposited the check. A true and correct copy of this accounting statement and supporting documentation is attached to NBCU's Compendium of Exhibits as **Exhibit 11.** | <u>Hearsay (Fed. R. Evid. 801).</u> Mr. McQuown relies on Exhibit 11, an out of court statement, for the truth of the matter asserted (namely, that NBC paid out certain amounts to DMC and that these amounts constituted all that NBC owed to DMC for the period of October 1, 2018 through December 31, 2019). No applicable hearsay exception is proffered. | <u>Not Hearsay</u><br><br>Mr. McQuown does not offer the accounting statement for truth of the matter asserted, but to demonstrate that the accounting statement was created and issued to DMCT. |
| 5. | Paragraph 13 at page 3, lines 10–15.<br><br>In November 2020, NBCU prepared and sent DMCT an accounting | <u>Hearsay (Fed. R. Evid. 801).</u> Mr. McQuown relies on Exhibit 12, an out of court statement, for the truth of the matter asserted (namely, that NBC paid | <u>Not Hearsay</u><br><br>Mr. McQuown does not offer the accounting statement for truth of the matter asserted, but to |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| No. | Material Objected To | Grounds for Objection | NBCU's Response |
|---|---|---|---|
| | statement that covered the period from January 1, 2020 through June 30, 2020, in the amount of $20,587. NBCU issued a check to DMCT for $20,587, and DMCT deposited the check. A true and correct copy of this accounting statement and supporting documentation is attached to NBCU's Compendium of Exhibits as **Exhibit 12.** | out certain amounts to DMC and that these amounts constituted all that NBC owed to DMC for the period of January 1, 2020 through June 30, 2020). No applicable hearsay exception is proffered. | demonstrate that the accounting statement was created and issued to DMCT. |
| 6. | Paragraph 14 at page 3 lines 16–21.<br><br>In August 2021, NBCU prepared and sent DMCT an accounting statement that covered the period from July 1, 2020 through December 31, 2020, in the amount of $33,325. NBCU issued a check to DMCT for $33,325, and DMCT deposited the check. A true and correct copy of this accounting statement and supporting documentation is attached to NBCU's Compendium of Exhibits as Exhibit 13. | Hearsay (Fed. R. Evid. 801). Mr. McQuown relies on Exhibit 13, an out of court statement, for the truth of the matter asserted (namely, that NBCU paid out certain amounts to DMC and that these amounts constituted all that NBC owed to DMC for the period of July 1, 2020 through December 31, 2020). No applicable hearsay exception is proffered. | Not Hearsay<br><br>Mr. McQuown does not offer the accounting statement for truth of the matter asserted, but to demonstrate that the accounting statement was created and issued to DMCT. |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| 1 | Dated: January 29, 2024 | JENNER & BLOCK LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Andrew J. Thomas |
| 5 | | Lauren M. Greene |
| | | Rachael A. Goldman |
| 6 | | |
| 7 | | Attorneys for Defendant |
| | | NBCUNIVERSAL MEDIA, LLC |