**JENNER & BLOCK LLP**
Andrew J. Thomas (SBN 159533)
AJThomas@jenner.com
Todd C. Toral (SBN 197706)
TToral@jenner.com
Lauren M. Greene (SBN 271397)
LGreene@jenner.com
Rachael A. Goldman (SBN 335138)
RGoldman@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199

Attorneys for Defendant
NBCUNIVERSAL MEDIA, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

DELOREAN MOTOR COMPANY, a Texas corporation,

Plaintiff,

vs.

NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive,

Defendants.

Case No.: 8:22-cv-02189-DOC-DFM

Hon. David O. Carter

**OBJECTIONS TO EVIDENCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT NBCUNIVERSAL MEDIA, LLC'S MOTION FOR SUMMARY JUDGMENT**

CASE NO.: 8:22-cv-02189-DOC-DFM

**OBJECTIONS TO EVIDENCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO NBCUNIVERSAL MEDIA, LLC'S MOTION FOR SUMMARY JUDGMENT**

Defendant NBCUniversal Media, LLC ("NBCU") hereby objects to the following portions of the Declarations of James Espey, Marvin Katz, and Stephen Wynne, dated January 22, 2024, submitted in support of Plaintiff's Opposition to Defendant NBCU's Motion for Summary Judgment.

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| **OBJECTIONS TO DECLARATION OF JAMES ESPEY** | | | |
| 1. | Paragraph 4 at lines 19–24.<br><br>Many individuals have contacted DMC while under the impression that DMC owns the rights to the fictional DeLorean time machine and can license out the time machine for various purposes. Others have approached us, believing that we sell DeLorean automobiles in the style of the time machine-i.e., with all the accessories added to the car in the *Back to the Future* films. | <u>Hearsay (Fed. R. Evid. 801)</u><br>Mr. Espey relies on out-of-court statements for the truth of the matter asserted—namely, that customers were confused about whether DeLorean Motor Company (Texas) ("DMCT") owns the rights to the Time Machine Car and sold DeLorean automobiles in the style of the Time Machine Car. No applicable hearsay exemption is proffered.<br><br><u>Relevance (Fed. R. Evid. 401)</u><br>DMCT's alleged awareness of a few customers' confusion is not sufficient to show actual confusion, as a small number of instances does not create a triable issue on customer confusion. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 633 (9th Cir. 2005). In addition, the fact that customers ask questions about products or make mental associations between products is not evidence of confusion as | Sustained_______<br><br>Overruled_______ |

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | | to the source of the products, as "[i]nquiries about the relationship between an owner of a mark and an alleged infringer . . . are arguably premised upon a *lack* of confusion between the products." *Nora Beverages, Inc. v. Perrier Grp. Of Am., Inc.*, 269 F.3d 114, 124 (2d Cir. 2001) (emphasis in original); *see also Gruner + Jahr USA Pub., a Div. of Gruner + Jahr Printing & Pub. Co. v. Meredith Corp.*, 793 F. Supp. 1222, 1232 (S.D.N.Y. 1992), *aff'd*, 991 F.2d 1072 (2d Cir. 1993); *Application of Ferrero*, 479 F.2d 1395, 1397 (C.C.P.A. 1973).<br><br>Lacks Personal Knowledge (Fed. R. Evid. 602)<br>Mr. Espey speculates as to the state of mind of individuals who have contacted DMCT. Namely, he speculates that they were confused about whether DMCT was the source of the Time Machine Car. | |
| 2. | Paragraph 5 at lines 24–28; Exhibit 1.<br><br>Attached hereto as Exhibit 1 is a true and correct copy of a November 23, 2014, | Hearsay (Fed. R. Evid. 801)<br>Mr. Espey relies on out-of-court statements for the truth of the matter asserted—namely, that customers were confused about the source of goods. This email does not fall under the | Sustained_______<br><br>Overruled_______ |

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | email sent to DMC at licensing@delorean.com, inquiring about the manufacture of a "standard Delorean and the Back To The Future model with the accessories all over it." | business records exemption, which requires the record to be created by a "person with knowledge." Fed. R. Evid. 803(6). No applicable hearsay exemption is proffered.<br><br>Relevance (Fed. R. Evid. 401)<br>The fact that customers ask questions about products or make mental associations between products is not evidence of confusion as to the source of the products, as "[i]nquiries about the relationship between an owner of a mark and an alleged infringer . . . are arguably premised upon a *lack* of confusion between the products." *Nora Beverages, Inc.*, 269 F.3d at 124 (emphasis in original); *see also Gruner + Jahr USA Pub.*, 793 F. Supp. at 1232; *Application of Ferrero*, 479 F.2d at 1397.<br><br>Failure to Produce in Discovery Fed. R. Civ. P. 37(c)(1)<br>DMCT failed to produce this exhibit in discovery. Therefore, DMCT is "not allowed to use that information . . . on a motion." Fed. R. Civ. P. 37(c)(1). | |

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| 3. | Paragraph 8 at lines 4–7; Exhibit 2.<br><br>Attached hereto as Exhibit 2 is a true and correct copy of a February 25, 2016, email sent to licensing@delorean.com. inquiring "about the possibility of using a DeLorean vehicle (in the style of the 'Back to the Future' model) in UK advertising." | <u>Hearsay (Fed. R. Evid. 801)</u> Mr. Espey relies on out-of-court statements for the truth of the matter asserted—namely, that customers were confused about the source of goods. This email does not fall under the business records exemption, which requires the record to be created by a "person with knowledge." Fed. R. Evid. 803(6). No applicable hearsay exemption is proffered.<br><br><u>Failure to Produce in Discovery Fed. R. Civ. P. 37(c)(1)</u> DMCT failed to produce this exhibit in discovery. Therefore, DMCT is "not allowed to use that information . . . on a motion." Fed. R. Civ. P. 37(c)(1). | Sustained_______<br><br>Overruled_______ |

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| 4. | Paragraph 9 at lines 8–10; Exhibit 3.<br><br>Attached hereto as Exhibit 3 is a true and correct copy of an August 15, 2018, email sent to licensing@delorean.com. inquiring about the production of "a model of the Back to the Future DeLorean." | Hearsay (Fed. R. Evid. 801)<br>Mr. Espey relies on out-of-court statements for the truth of the matter asserted—namely, that customers were confused about the source of goods. This email does not fall under the business records exemption, which requires the record to be created by a "person with knowledge." Fed. R. Evid. 803(6). No applicable hearsay exemption is proffered.<br><br>Relevance (Fed. R. Evid. 401)<br>The out-of-court statements relied upon by Mr. Espey do not demonstrate confusion at all; rather, they show a clear understanding that DMCT is the source of the DeLorean automobile rather than the Time Machine Car. Otherwise, there would be no need to ask DMCT to produce the Time Machine Car.<br><br>Failure to Produce in Discovery Fed. R. Civ. P. 37(c)(1)<br>DMCT failed to produce this exhibit in discovery. Therefore, DMCT is "not allowed to use that information . . . on a motion." Fed. R. Civ. P. 37(c)(1). | Sustained_______<br><br>Overruled_______ |

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| 5. | Paragraph 10 at lines 11–13; Exhibit 4.<br><br>Attached hereto as Exhibit 4 is a true and correct copy of a May 28, 2019, email sent to licensing@delorean.com, inquiring about "licensing the 'Back- to-the-Future' brand to be able to include the famous Delorean [sic]" in connection to a videogame. | <u>Hearsay (Fed. R. Evid. 801)</u> Mr. Espey relies on out-of-court statements for the truth of the matter asserted—namely, that customers were confused about the source of goods. This email does not fall under the business records exemption, which requires the record to be created by a "person with knowledge." Fed. R. Evid. 803(6). No applicable hearsay exemption is proffered.<br><br><u>Failure to Produce in Discovery Fed. R. Civ. P. 37(c)(1)</u> DMCT failed to produce this exhibit in discovery. Therefore, DMCT is "not allowed to use that information . . . on a motion." Fed. R. Civ. P. 37(c)(1). | Sustained_______<br><br>Overruled_______ |
| 6. | Paragraph 11 at lines 15–19; Exhibit 5.<br><br>Attached hereto as Exhibit 5 is a true and correct copy of a November 22, 2022, email sent to licensing@delorean.com, inquiring about "the use of DeLorean name in relation to the Time Machine car featured in The Back to The Future films." | <u>Hearsay (Fed. R. Evid. 801)</u> Mr. Espey relies on out-of-court statements for the truth of the matter asserted—namely, that customers were confused about the source of goods. This email does not fall under the business records exemption, which requires the record to be created by a "person with knowledge." Fed. R. Evid. 803(6). No applicable hearsay exemption is proffered.<br><br><u>Relevance (Fed. R. Evid. 401)</u> | Sustained_______<br><br>Overruled_______ |

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | | The out-of-court statements relied upon by Mr. Espey for the truth of the matter asserted do not demonstrate confusion at all; rather, they demonstrate a clear understanding that NBCU is the source of the Time Machine Car and that DMCT is the source of the DeLorean automobile. Otherwise, there would be no need to ask DMCT about licensing rights to use the DeLorean automobile in a racing game.<br><br>Failure to Produce in Discovery Fed. R. Civ. P. 37(c)(1)<br>DMCT failed to produce this exhibit in discovery. Therefore, DMCT is "not allowed to use that information . . . on a motion." Fed. R. Civ. P. 37(c)(1). | |
| **OBJECTIONS TO DECLARATION OF MARVIN KATZ** | | | |
| **No.** | **Material Objected To** | **Grounds for Objection** | **Ruling on Objection** |
| 7. | Paragraph 4 at lines 14–16.<br><br>Specifically, in 1982, under my direction, Kapac Company acquired the inventory, goodwill, trade names, intangible assets, distribution rights, parts, tools, stock, molds, | Best Evidence (Fed. R. Evid. 1002)<br>Mr. Katz testifies as to the assets the Original DeLorean Motor Company transferred to Kapac Company. Documents are the best evidence of themselves and their terms. The Bill of Sale for the transaction preceding this | Sustained_______<br><br>Overruled_______ |

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | drawings, and equipment of the DeLorean Motor Company. | one—between Original DMC and Consolidated International—has been produced by DMCT in this litigation, and it does not list any trademark rights among the assets transferred. *See United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004); Ex. 47, ECF 47-11.<br><br>Mr. Katz's conclusory summary of what was transferred in this sale is therefore not admissible as evidence. *Bennett*, 363 F.3d at 953. Mr. Katz offers no documentation to support the purported transfer of "goodwill, trade names, intangible assets, [and] distribution rights" other than his own conclusory testimony, nor have any such documents been produced by DMCT in discovery. Consideration of any additional contractual terms conveyed verbally is barred under the Parol Evidence Rule. *Alling v. Universal Mfg. Corp.*, 5 Cal. App. 4th 1412, 1433-35 (1992). | |
| 8. | Paragraph 6 at lines 19–23.<br><br>On April 30, 1997, AYN Inc. sold all of the DeLorean assets it had | <u>Best Evidence (Fed. R. Evid. 1002)</u><br>Mr. Katz represents that "all of the DeLorean assets" were transferred to DMCT. Documents are the best | Sustained_______<br><br>Overruled_______ |

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | acquired to James R. Smith, who was acting on behalf of a company called DeLorean Motor Company, which I understood to not be the original company started by John Z. DeLorean, but was instead a company in Texas started by Stephen Wynne. | evidence of themselves and their terms. The Contract of Sale has been produced by DMCT in this litigation, and it does not list any trademark rights among the assets transferred. *See Bennett*, 363 F.3d at 953. | |
| **OBJECTIONS TO DECLARATION OF STEPHEN WYNNE** | | | |
| **No.** | **Material Objected To** | **Grounds for Objection** | **Ruling on Objection** |
| 9. | Paragraph 7 at lines 12–17.<br><br>In 1997, DMC acquired inventory, goodwill, trade names, intangible assets, distribution rights, parts, tools, stock, molds, drawings, and equipment once owned by the original DeLorean Motor Company ("Old DMC") started by Jon Z. DeLorean. Specifically, in 1982, a company owned by Marvin Katz, Kapac Company, acquired these assets during the bankruptcy of Old DMC. The assets were then transferred to Mr. Katz's other | Best Evidence (Fed. R. Evid. 1002)<br>Documents are the best evidence of themselves and their terms. The Contract of Sale for the transfer of assets from Ayn Inc. to DMCT has been produced in this litigation, and it does not list any trademark rights among the assets transferred. Ex. 39, ECF 40-40; Ex. 49, ECF 47-12. Mr. Wynne's conclusory summary of what was transferred in this sale is therefore not admissible as evidence. *Bennett*, 363 F.3d at 953. Mr. Wynne offers no documentation to support the transfer of "goodwill, trade names, intangible assets, [and] distribution rights" other than his own conclusory testimony, | Sustained_______<br><br>Overruled_______ |

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | company, AYN Inc. | nor have any such documents been produced by DMCT in discovery. Consideration of any additional contractual terms conveyed orally is barred under the Parol Evidence rule. *Alling*, 5 Cal. App. 4th at 1433-35.<br><br>Lack of Foundation (Fed. R. Evid. 602)<br>Mr. Wynne fails to lay a foundation for his conclusory statement about the assets Kapac Company purportedly acquired from DMCT and subsequently transferred to Ayn Inc. | |
| 10. | Paragraph 10 at lines 10–11.<br><br>The warranty and representation made by Mr. DeLorean did not include any reference to "trademarks." | Best Evidence (Fed. R. Evid. 1002)<br>Documents are the best evidence of themselves and their terms. The documents at issue have been produced in this litigation, and Mr. Wynne's conclusory summary of what was transferred in this sale is therefore not admissible as evidence. *Bennett*, 363 F.3d at 953. Moreover, the reference to "intellectual property, names, corporate identification . . ." in the agreement referenced in Paragraph 10 can only reasonably be understood as<br><br>including the "DeLorean" and "DMC" names. | |

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| 11. | Paragraph 12 at lines 2–4.<br><br>There is no other car like the DeLorean automobile and its shape, body composition (stainless steel), and features, including its "gull wing" doors, are immediately recognizable not just to car enthusiasts but also to everyday consumers. | Opinion Evidence (Fed. R. Evid. 701)<br>Mr. Wynne offers inadmissible lay opinion testimony regarding the characteristics of, and the ability of ordinary consumers to recognize, the DeLorean vehicle. | Sustained_______<br><br>Overruled_______ |
| 12. | Paragraph 17 at lines 6–8.<br><br>Nor did NBC provide DMC with any explanation as to how this revised statement was derived. DMC was left to guess as to how NBC had calculated any of the royalties. | Relevance (Fed. R. Evid. 401)<br>NBCU was under no contractual obligation to "provide DMC with any explanation as to how this revised statement was derived," or how it determined licensee eligibility. Therefore, Mr. Wynne's contention that NBCU did not provide such an explanation is irrelevant. Furthermore, the contention that DMCT was "left to guess as to how NBC had calculated any of the royalties" is irrelevant, as DMCT has had the discovery process to learn how NBCU makes these royalty determinations. | Sustained_______<br><br>Overruled_______ |
| 13. | Paragraph 19 at lines 12–16. | Relevance (Fed. R. Evid. 401)<br>NBCU was under no contractual obligation to | Sustained_______<br><br>Overruled_______ |

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | As with each statement and payment made by NBC, there has been no explanation or documentation provided by NBC for DMC to verify the accuracy of the statements and payments. NBC simply provides numbers, but no detail that would allow DMC to verify the accuracy of those numbers. | provide DMCT with an explanation for how it determined licensee eligibility. Therefore, Mr. Wynne's contention that NBCU did not provide such an explanation is irrelevant. | |
| 14. | Paragraph 20 at lines 18–22.<br><br>Despite no longer paying DMC, NBC continues to use DMC's DELOREAN Family of Marks in connection with the sale of goods and services, not just "merchandise and commercial tie-ups," related to the *Back to the Future* film franchise. DMC has not authorized NBC to use or license DMC's DELOREAN Family of Marks without compensation. | <u>Lack of Foundation/Personal Knowledge (Fed. R. Evid 602)</u><br>Mr. Wynne has not laid a foundation for his knowledge that NBCU continues to use the DeLorean Mark in connection with the sale of "goods and services." | |
| 15. | Paragraph 27 at lines 10–20; page 8 at lines 1–15 (images attached to paragraph 27). | <u>Authentication (Fed. R. Evid. 901)</u><br>Mr. Wynne fails to provide any information as to who took the | Sustained________<br><br>Overruled________ |

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | | attached photographs, when they were taken, under what circumstances they were taken, or how they came into Mr. Wynne's possession. Furthermore, Mr. Wynne fails to establish that he ever witnessed the scene depicted in these images.<br><br><u>Failure to Produce in Discovery Fed. R. Civ. P. 37(c)(1)</u><br>DMCT failed to produce this exhibit in discovery. Therefore, DMCT is "not allowed to use that information . . . on a motion." Fed. R. Civ. P. 37(c)(1). | |
| 16. | Paragraph 28 at lines 18–22.<br>I am familiar with a guide to *Back to the Future* memorabilia from 1985-2015 titled "Back to the Future Almanac," which contained dozens of examples of DMC's trademarks being featured in products either sold by NBC or licensed by NBC to third-parties. A true and correct copy of this Almac has been produced in this litigation. | <u>Relevance (Fed. R. Evid. 401)</u><br>This exhibit is irrelevant, as it fails to identify that NBCU failed to report on any of the products contained therein, or that they were sold within the four-year statute of limitations period, as the Almanac only contains products purportedly sold through 2015. *See* Ex. 21, ECFs 40-21 and 40-22. The exhibit therefore fails to make DMCT's breach of contract claim more or less probable. | Sustained_______<br><br>Overruled_______ |

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| 17. | Exhibit 1 | Authentication (Fed. R. Evid. 901)<br>Mr. Wynne fails to properly authenticate Exhibit 1. He provides no information about where he obtained this image, who obtained the image, or when the image was taken. The image does not contain all the information from the listing, as it is only a partial image, which raises serious concerns as to whether the image is "what it purports to be"—namely, a product sold by a third-party licensee.<br><br>Relevance (Fed. R. Evid. 401)<br>Mr. Wynne's declaration provides no evidence that these products were sold in the marketplace during the four-year statute of limitations period, were sold by an authorized seller, or were not reported by NBCU in its accounting statements. *See* Ex. 8, ECF 47; Ex. 9, ECF 47-1; Ex. 10, ECF 47-2; Ex. 11, ECF 47-3; Ex. 12, ECF 47-4; Ex. 13, ECF 47-5. The exhibit therefore fails to make DMCT's breach of contract claim more or less probable.<br>Failure to Produce in Discovery Fed. R. Civ. P. 37(c)(1)<br>DMCT failed to produce this | Sustained_______<br><br>Overruled_______ |

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | | exhibit in discovery. Therefore, DMCT is "not allowed to use that information . . . on a motion." Fed. R. Civ. P. 37(c)(1). | |
| 18. | Exhibit 2 | Authentication (Fed. R. Evid. 901)<br>Mr. Wynne fails to properly authenticate Exhibit 2. He provides no information about where he obtained this image, who obtained the image, or when the image was taken.<br><br>Relevance (Fed. R. Evid. 401)<br>Mr. Wynne's declaration provides no evidence that NBCU failed to report this product in its accounting statements. *See* Ex. 8, ECF 47; Ex. 9, ECF 47-1; Ex. 10, ECF 47-2; Ex. 11, ECF 47-3; Ex. 12, ECF 47-4; Ex. 13, ECF 47-5. The exhibit therefore fails to make DMCT's breach of contract claim more or less probable.<br><br>Failure to Produce in Discovery Fed. R. Civ. P. 37(c)(1)<br>DMCT failed to produce this exhibit in discovery. Therefore, DMCT is "not allowed to use that information . . . on a motion." Fed. R. Civ. P. 37(c)(1). | Sustained_______<br><br>Overruled_______ |

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
| --- | --- | --- | --- |
| 19. | Exhibit 3 | Authentication (Fed. R. Evid. 901)<br>Mr. Wynne fails to properly authenticate Exhibit 3. He provides no information about where he obtained this image, who obtained the image, or when the image was taken. The image does not contain all the information from the listing, as it is only a partial image, raising doubts as to whether the image is "what it purports to be"—namely, a product sold by a third-party licensee.<br><br>Relevance (Fed. R. Evid. 401)<br>Mr. Wynne's declaration provides no evidence that this product was sold in the marketplace during the four-year statute of limitations period, was sold by an authorized seller, or was not reported by NBCU in its accounting statements. *See* Ex. 8, ECF 47; Ex. 9, ECF 47-1; Ex. 10, ECF 47-2; Ex. 11, ECF 47-3; Ex. 12, ECF 47-4; Ex. 13, ECF 47-5. The exhibit therefore fails to make DMCT's breach of contract claim more or less probable.<br><br>Failure to Produce in Discovery Fed. R. Civ. P. 37(c)(1)<br>DMCT failed to produce this | Sustained_______<br><br>Overruled_______ |

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | | document in discovery. Therefore, DMCT is "not allowed to use that information . . . on a motion." Fed. R. Civ. P. 37(c)(1). | |
| 20. | Exhibit 4 | Authentication (Fed. R. Evid. 901)<br>Mr. Wynne fails to properly authenticate Exhibit 4. He provides no information about where he obtained this image, who obtained the image, or when the image was taken. The image does not contain all the information from the listing, as it is only a partial image, raising doubts as to whether the image is "what it purports to be"—namely, a product sold by a third-party licensee.<br><br>Relevance (Fed. R. Evid. 401)<br>Mr. Wynne's declaration provides no evidence that this product was sold in the marketplace during the four-year statute of limitations period, was sold by an authorized seller, or was not reported by NBCU in its accounting statements. *See* Ex. 8, ECF 47; Ex. 9, ECF 47-1; Ex. 10, ECF 47-2; Ex. 11, ECF 47-3; Ex. 12, ECF 47-4; Ex. 13, ECF 47-5. The exhibit therefore fails to make DMCT's breach of contract claim more | Sustained_______<br><br>Overruled_______ |

| No. | Material Objected To | Grounds for Objection | Ruling on Objection |
|---|---|---|---|
| | | or less probable.<br><br>Failure to Produce in Discovery Fed. R. Civ. P 37(c)(1)<br>DMCT failed to produce this document in discovery. Therefore, DMCT is "not allowed to use that information … on a motion." | |

Dated: January 29, 2024

JENNER & BLOCK LLP

By: /s/ Andrew J. Thomas

Andrew J. Thomas
Lauren M. Greene
Rachael A. Goldman

Attorneys for Defendant
NBCUNIVERSAL MEDIA, LLC